UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGIE H. PINCKNEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Case No. 4:19 CV 2654 (JMB) |
| | ) |
| SANSONE GROUP, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has filed a response in opposition and the issues are fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

Plaintiff Angie H. Pinckney, an African-American woman, alleges that her employer, defendant Sansone Group, willfully, intentionally, and unlawfully subjected her to race-based harassment. Plaintiff filed suit in the Circuit Court of St. Louis County, asserting a claim under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 *et. seq.,* and Title VII of the Civil Rights Act of 1964, amended (42 U.S.C. §§ 2000e *et. seq.*). Defendant removed the action to this Court, asserting federal subject-matter jurisdiction, pursuant to 28 U.S.C. § 1331.

I.      Allegations in the Complaint

Defendant hired plaintiff on May 25, 2017.[1]  First Amended Complaint ¶ 4 [Doc. # 11]. During her employment, plaintiff was harassed "due to . . . being an African American woman." Id. ¶ 5.  In particular, defendant did not support plaintiff in conflicts with subordinates, particularly when a maintenance engineer, Rich, "expressed problems with a black female supervisor."  Id. ¶ 5.1.  Both Rich and Gretchen, plaintiff's direct supervisor, expressed racist attitudes toward plaintiff and "the residents of the apartment complex."  Id.  Gretchen also expressed concerns about an African American maintenance engineer not getting work done.  Id. ¶ 5.2.  Rich "lie[d] about the status of repairs, ignore[d] work orders, and fail[ed] to make repairs."  Id.  He also expressed displeasure with working at a "predominately black apartment complex."  Id.  Defendant did not support plaintiff in "hiring competent maintenance personnel" and blamed her for the condition of the premises when Rich failed to timely fulfill work orders.  Id. ¶ 5.2, ¶ 5.3.

Plaintiff also alleges that defendant made "promises" to her when she was hired and set goals based on those promises.  Id. ¶ 6.  After she met her goals, defendant failed to keep its promises "because of Plaintiff's race and gender."  Id.  When plaintiff told defendant "about the situation," defendant told her to "deal with it" and took no steps to correct this "situation."  Id. ¶ 9. Defendant terminated plaintiff's employment on February 18, 2019, because she did not meet her goals, even though her "job performance was more than satisfactory."  Id. ¶¶ 4 & 5.4.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC).  Id. ¶ 12.  On March 27, 2019, the EEOC provided plaintiff with a right-to-sue notice.  [Doc. # 6-1].

---

[1] Plaintiff fails to state what position she held.

2

**II.     Legal Standards**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). In Title VII cases, "the prima facie case is an evidentiary standard and not a pleading requirement" and "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Sorema, 534 U.S. 506, 511 (2002). However, "elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit." Blomker v. Jewell, 831 F.3d 1051, 1056 (8th Cir. 2016). "[A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . ., rather than facts that are merely consistent with such a right." Id. "While a plaintiff need not set forth detailed factual allegations, . . . the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." Id. (emphasis in original) (citations omitted).

When considering a 12(b)(6) motion, the district court accepts as true all factual allegations in the complaint and grants all reasonable inferences in favor of the nonmoving party. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

### III.     Discussion

To establish a hostile work environment claim, plaintiff must establish that: "(1) [s]he is a member of a protected class; (2) [s]he was exposed to unwelcome harassment; (3) the harassment was based on a protected characteristic of the plaintiff; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known about the harassing behavior, but failed to take proper action to alleviate it." Arraleh v. Cty. of Ramsey, 461 F.3d 967, 978 (8th Cir. 2006) (citations omitted).  "The fourth element involves both objective and subjective components." Blomker, 831 F.3d at 1056 (quoting Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 801 (8th Cir. 2009)).  It requires "[t]he harassment . . . be 'severe or pervasive enough to create an objectively hostile or abusive work environment' and the victim must subjectively believe her working conditions have been altered." Id. (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).  "The standards for a hostile work environment are demanding, and 'conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment.'" Alvarez v. Des Moines Bolt Supply, Inc., 626 F.3d 410, 420 (8th Cir. 2010) (quoting Alagna v. Smithville R-II Sch. Dist., 324 F.3d 975, 980 (8th Cir. 2003)). "When evaluating a hostile environment, we look at the totality of the circumstances, 'including the frequency and severity of the discriminatory conduct, whether such conduct was physically threatening or humiliating, as opposed to a mere offensive utterance, and whether the conduct

unreasonably interfered with the employee's work performance.'" Id. (quoting Vajdl v. Mesabi Acad. Of KidsPeace, Inc., 484 F.3d 546, 551 (8th Cir. 2007)) (emphasis added).  Accordingly, "'[m]ore than a few isolated incidents are required' and the alleged harassment must be 'so intimidating, offensive, or hostile that it poisoned the work environment.'" Blomker, 831 F.3d at 1057 (quoting Scusa v. Nestle U.S.A. Co., 181 F.3d 958,967 (8th Cir. 1999)).  Here, defendant argues that plaintiff fails to plead adequate factual detail to support a claim that the alleged harassment was sufficiently severe or pervasive.

Defendant cites Blomker to support its argument.  In Blomker, the plaintiff claimed that she was subjected to a hostile environment based on her gender.  In her complaint, she alleged specific incidents on specific dates with details, such as a male coworker moving his finger toward a button between plaintiff's breasts and moving very close to her while having an erection. Blomker, 831 F.3d at 1054.  Despite the particularity with which these incidents were alleged in Blomker, the Eighth Circuit found that "the facts alleged in Blomker's complaint fail to show harassment so severe or pervasive that they satisfy the high threshold for a sexual harassment claim based on hostile work environment." Id. at 1057.

Defendant also cites Agnew v. Brennan, 2017 WL 1684736 (E.D. Mo. 2017). The plaintiff in Agnew claimed that she was subjected to a racially-hostile environment.  She alleged that her supervisor "got into her face" and yelled at her at an employee meeting, tried to physically intimidate her by following her back to her work station, denied her request to have a union representative present, yelled at her at another meeting for asking a question while answering questions asked by white employees, and asked her to perform tasks that exceeded her medical restrictions. Agnew, 2017 WL 1684736 at *1-2.  Relying on Blomker, the court in Agnew found that the facts alleged were "not sufficient to state a plausible race-based hostile work environment

5

claim." Id. at *3.  Further, "[e]ven if [her supervisor] yelled at Agnew in front of others and was disrespectful toward Agnew because of her race, Agnew has failed to allege any facts that plausibly show that these actions affected a term, condition, or privilege of her employment."  Id.

Similarly, plaintiff here does not allege facts that plausibly show a racially-based hostile work environment that affects a term, condition, or privilege of her employment.  At most, plaintiff alleges a few isolated incidents of racially insensitive and inappropriate comments.  If the much more egregious and particularly-pleaded facts alleged in Blomker and Agnew fail to allege a plausible claim for hostile work environment, this Court cannot find otherwise here.

Because the Court finds that plaintiff fails to state a claim for relief, it is unnecessary to address defendant's additional argument that plaintiff's claim under the MHRA fails because she does not allege that she received a right-to-sue notice under Missouri Human Rights Act.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's first amended complaint [Doc. #13] is **granted**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of May, 2020.